WILLIAM E. AND HAZEL B. TERRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Terry v. Commissioner
Docket No. 18769-87.
United States Tax Court
T.C. Memo 1990-605; 1990 Tax Ct. Memo LEXIS 680; 60 T.C.M. (CCH) 1320; T.C.M. (RIA) 90605; December 3, 1990, Filed *680 Decision will be entered under Rule 155. Afton J. Izen, for the petitioners. William G. Bissell, for the respondent. SCOTT, Judge. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned to Special Trial Judge Helen A. Buckley pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. *682 OPINION OF THE SPECIAL TRIAL JUDGE Respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $ 34,708.88, and additions to tax under sections 6653(a)(1) and 6653(a)(2) in the respective amounts of $ 1,735.44 and 50 percent of the interest due on $ 34,708.88, and under section 6661 in the amount of $ 8,677.22. Respondent's determination resulted from disallowance of a number of expenses claimed by petitioners on Schedules A and C, as well as disallowance of two section 151(c) exemptions claimed by petitioners. The issues in this case are not complicated. The primary question is whether deductions claimed by petitioners are adequately substantiated. Only after considerable difficulty in securing the cooperation of petitioners, have the parties arrived at a stipulation of settled issues. Issues remaining for resolution are (1) whether petitioners are entitled to a charitable contribution for the donation of certain noncash items, (2) whether they are entitled to a depreciation deduction and investment tax credit for equipment used in petitioner's laundry business, and (3) whether they are liable for additions to tax under sections 6653(a)(1) *683 and (2) and 6661. Some of the facts have been stipulated and are so found. Petitioners are husband and wife and filed a joint return for the year 1983. Petitioners resided at Houston, Texas, at the time they filed their petition herein. Mrs. Terry did not appear in Court on any of the occasions this matter was heard. Hereafter, reference to "petitioner" denotes William E. Terry. Respondent's notice of deficiency was sent to petitioners on March 30, 1987. Petitioners filed their petition in this Court on June 18, 1987. The case was originally set for the April 18, 1988, trial session at Houston, Texas. At the call of the calendar, respondent advised the Court that petitioner had not responded to requests to meet and discuss the case as required by this Court's standing pre-trial order. The Court ordered that the parties meet that day and that petitioner show respondent all documents he intended to offer at trial in substantiation of disallowed expenses. A trial date of April 22, 1988, was set. Petitioner showed respondent a large number of documents on April 18, but no stipulations were reached. On the morning of the trial, petitioner showed up with several additional *684 documents. Respondent moved the Court to continue the case since there had been insufficient time to assess the information withheld by petitioner in part until April 18, and in part until the morning of trial. The Court warned petitioner that he must cooperate fully or sanctions would be imposed. It then continued the case. Petitioners continued to refuse to cooperate in the stipulation process. Respondent propounded interrogatories and a request for production of documents. Petitioners did not answer. At an October 11, 1988, hearing on respondent's motion to compel discovery, the Court heard from both parties. By Order and Memorandum Sur Order dated November 8, 1988, we levied sanctions upon petitioners for their failure to obey our orders by denying them the right to produce any further documentation whatsoever. The case was then set for a February 27, 1989, Houston trial session at which time the Court refused to grant petitioners' Emergency Motion to Vacate and/or Modify the November 8, 1988, sanction order of the Court and reset the balance of the case for trial on April 24, 1989. By that date, petitioners were represented by counsel. On the trial date, the parties *685 filed a Stipulation of Settled Issues in which over 80 percent of the disallowances reflected in respondent's notice of deficiency were conceded by respondent. At trial, counsel for petitioner attempted to show via the oral testimony of her client, that in addition to these concessions, petitioner was entitled to deduct depreciation and take an investment tax credit on equipment used in petitioner's laundry business. She also offered his testimony as proof that certain donations of clothing were made by petitioner which qualified as deductible charitable contributions. The effect of allowing these deductions would be to more than offset the tax deficiency remaining after concessions. Petitioners are required to keep records that are sufficient to establish the amount of deductions claimed on their tax return. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. See also Wilkerson v. Commissioner, T.C. Memo. 1990-210. Moreover, petitioners clearly have the burden of proving the validity of their position here. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). We are not persuaded by the evidence presented. Section 167 allows a depreciation deduction *686 for the exhaustion, wear, and tear of property used in a trade or business. Section 38 allows a credit against tax for investments in certain depreciable property. Petitioner testified that in 1983 he acquired 34 washing machines and 10 dryers that were used in his laundry business. He argues that he should be allowed a section 167 deduction for the depreciation on this equipment as well as a section 38 investment tax credit. Here we have only the word of petitioner that he purchased this equipment in 1983 at the stated cost and no more. Petitioner refused on several occasions to comply with this Court's orders to produce substantiation of his purchases of equipment. This failure on his part renders his testimony at trial less than credible. We note that our sanction order of November 8, 1988, meant exactly what it said: petitioners lost their opportunity to produce further documentation because of their flagrant disregard of our orders. Therefore, petitioner is not entitled to the depreciation deduction or investment tax credit. Deductions for charitable contributions are allowable "only if verified under regulations prescribed by the Secretary." Sec. 170(a). Section 1.170A-13, *687 Income Tax Regs., sets forth the types of substantiation necessary to support a charitable contribution deduction. Here again the testimony of petitioner alone does not convince us of the legitimacy of the deduction, especially where the Court admonished him on a number of occasions to produce documentation in support of the deduction and he did not do so. Additions to tax were determined by respondent under section 6653(a). This section applies when an underpayment of tax is a result of taxpayer negligence or intentional disregard of rules and regulations. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Respondent's determination that petitioner was negligent is presumed correct. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Rule 142(a). Petitioner is very well educated and professes to be knowledgeable in tax matters. He has engaged in the preparation of tax returns for others. While he contends that he honestly believed himself to be entitled to the deductions at issue, he knew of the need *688 to maintain adequate records in substantiation of claimed deductions and he failed to do so. See, e.g., Jenkins v. Commissioner,T.C. Memo. 1988-292, affd. 880 F.2d 414 (6th Cir. 1989); Conant v. Commissioner, T.C. Memo. 1986-415; Zivnuska v. Commissioner, 33 T.C. 226, 239-240 (1959). Accordingly, we uphold the section 6653(a)(1) addition to tax. Further, we hold that all of the deficiency results from petitioners' negligence, so the addition to tax under section 6653(a)(2) applies to the full deficiency. Section 6661(a) imposes an addition to tax of 25 percent of the amount of any underpayment of income tax attributable to a substantial understatement. Pallottini v. Commissioner, 90 T.C. 498 (1988). A substantial understatement occurs where the amount of the understatement exceeds the greater of 10 percent of the correct tax liability or $ 5,000. Sec. 6661(b). In light of the resolution of the issues in this case, it is not possible to ascertain if these requirements are satisfied until the Court receives the Rule 155 computations. If they are satisfied, petitioners are liable for the section 6661 *689 addition to tax. We find that petitioners have no substantial authority supporting their position in regard to the deficiency. Sec. 6661(b)(2)(B)(i). As we have already stated, the authority is to the contrary. Taxpayers are required to substantiate the amount of deductions claimed on a return via the maintenance of sufficient records. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. We recently upheld additions to tax under section 6661 where the underpayment was due to unsubstantiated deductions claimed by the taxpayer. Estate of Cady v. Commissioner, T.C. Memo. 1990-476. We do so here also, if there is a substantial understatement. Petitioners are warned that they must fully cooperate in the process of ascertaining the deficiency amount pursuant to our Rule 155 computations. We warn petitioners because of their flagrant disregard of the Rules and Orders of this Court in this litigation, we seriously considered dismissing their petition for lack of proper prosecution. Petitioner is a college-educated individual who holds several post-graduate degrees including a Ph.D. from the University of Houston. He has also completed a number of law school courses *690 at Texas Southern University. In addition, petitioner has held himself out as a professional tax consultant and preparer of taxes. His behavior has been close to contumacious. To reflect concessions, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩